ESTATE OF JOHN J. STAMLER, DECEASED, ROSE K. STAMLER, EXECUTRIX, AND ROSE K. STAMLER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89134. Promulgated June 7, 1939.

*Byron G. Carson, Esq.,* for the petitioners.
*Loren P. Oakes, Esq.,* for the respondent.

### OPINION.

DISNEY: This proceeding involves normal and surtax income taxes for the year 1934, deficiency having been determined in the amount of $496.75. The only issues are as to exemption of income received by John J. Stamler for services rendered as master in chancery in the State of New Jersey, and as a member of the board of water commissioners of the city of Elizabeth, New Jersey.

Pursuant to statute the city of Elizabeth, at a cost of $4,614,277, purchased a water distribution system for the city on July 15, 1931, from the Elizabethtown Water Co. and another company serving a limited section, and financed it first by a temporary bond issue and then by a permanent 40-year bond issue, and thereafter proceeded to operate it through a board of water commissioners, consisting of four members, appointed by the justice of the supreme court presiding in that district. Approximately 20 percent of the water consumed is used for municipal, city, and county purposes such as cleaning streets and furnishing water to state and governmental agencies such as armory, post office building, etc.

The board of water commissioners is by the state statute creating and authorizing it substituted in general for and invested with the theretofore existing powers of any board of public works, board of aldermen, common council, or other governing body or committee of the city relating to the matter of water distribution in such city and all things pertaining thereto. The board is required to make monthly reports to the board or body having charge of city finances, and before the 15th of each month to pay into the city treasury all moneys received during the preceding month, same to be carried in a special fund called the water fund; to submit annually to the body in charge of the finances of the city a budget consisting of a statement of anticipated revenue applicable to current expenditures, unexpended balances from previous revenues received from operation of the water system, amount to be raised by taxation, and the objects for which revenues are to be expended. Moneys may, if necessary, be raised by taxation for the maintenance of the department conducted by the water commissioners, with a limit of 1 cent for each $100 of the taxable ratables of such city, plus interest and amortization charges on water bonds. The city may issue bonds for water purposes, but the water commissioners do not have management of moneys raised by taxation. The mayor of the city has the same general veto power over the actions of the water commissioners as over the common council, board of aldermen or other governing body of the city. The state statute prescribes the salary of a water commissioner and that it shall be paid in the same manner as provided by law for other city officers; also prescribes a bond of $10,000 for faithful discharge of official duties, the bond to be filed in the office of the clerk of the city.

John J. Stamler was throughout the year 1934 a member of the board of water commissioners of the city of Elizabeth, New Jersey. He took an oath of office as such water commissioner, as required by law, and on his income tax return for 1934 reported $3,150 received from the city of Elizabeth, out of a total income of $15,098.12. During 1934 he spent an average of about one hour a day on his duties as water commissioner. The board met every Thursday afternoon at three o'clock. The board operated the water distribution system of the city, handling all matters in connection therewith, and used the revenue to maintain that department and to amortize the bond issue and pay interest on bonds. Collections for water used were deposited in the five banks of the city during each month, but at the end of the month transferred to a special earmarked trust account in the city depositary bank in the city treasurer's name, where he held the money absolutely distinct from all city moneys. The salaries of the water commissioners were paid out of funds raised from the sale of water. Expenses of the water commissioners were always paid by check upon the special trust account, signed by the president of the water com-

mission, countersigned by the mayor of the city, by the city comptroller and the city treasurer. The board of water commissioners had about 40 employees, all of whom were under the civil service provisions of the New Jersey state law. The water commissioners themselves were not under civil service. Each consumer is rendered a water bill, which does not bill for anything except for water consumed. The board is not in any way subject to public utilities supervision. Water rates have decreased by different stages since the board was instituted—from $3.50 per thousand cubic feet of water in 1931 to $2.40 per thousand cubic feet. The reduction was because there had been collected more revenue than was necessary to run the water works. No resort to taxation to supplement any deficit has ever been necessary and a reserve fund has accumulated. If expenditures should exceed receipts, the water commissioners have sole power and authority to raise rates to balance expenditures.

John J. Stamler was a master in chancery. He took an oath of office as such, and in his income tax report for 1934 reported from such office income of $1,980.65, and $9,952.07 income from business or profession (aside from $3,150 from the city of Elizabeth). He was an attorney. His compensation was solely from fees collected by taxation as costs in cases before him, according to a schedule prescribed by the Chancery Rules of New Jersey. In proceedings in *forma pauperis* the master of chancery receives nothing. He devoted during 1934 less than one full day per week to his duties as master in chancery. The Chancellor of the State of New Jersey appoints masters in chancery.

Are (a) fees received by a master in chancery in New Jersey from litigants involved in matters before him, and (b) compensation as a member of a board of water commissioners for the city of Elizabeth, New Jersey, received from funds collected from users of water, exempt from taxation as income under the revenue acts of the United States?

Since the trial of this proceeding the Public Salary Tax Act of 1939 (ch. 59, 1st sess., 76th Cong.) has become law. By the provisions thereof, income tax shall not be assessed upon the compensation for personal service of officers and employees of a state, or political subdivision thereof, for any taxable year beginning prior to January 1, 1938, and no proceeding in court for the collection thereof shall be begun or prosecuted, unless pursuant to an assessment made prior to January 1, 1939. Assessment of the income tax herein involved has not been made, and section 210 of the act above named provides:

For the purposes of this Act, the term "officer or employee" includes a member of a legislative body and a judge or officer of a court.

From time immemorial a master in chancery has been considered an officer of the court appointing him. "A master in chancery is an

officer appointed by the court to assist it in various proceedings incidental to the progress of a cause before it." *Kimberly* v. *Arms*, 129 U. S. 512. To the same effect are *Metropolitan etc. Trust Co.* v. *Perry*, 194 Ill. App. 277, and *Citizens State Bank* v. *Joplin*, 198 S. W. 370, 372. It is obvious therefore that under the above act assessment of income tax upon the compensation of John J. Stamler as master in chancery for the year 1934 can not be subjected to assessment of income tax. In *Albert J. Gould, Jr.*, 40 B. T. A. 6, we recently held that, assessment of income tax being prohibited under the above statute, judgment of no deficiency should be rendered. We therefore hold that there is no deficiency, so far as relates to compensation as master in chancery.

As to compensation as water commissioner of the city of Elizabeth: John J. Stamler took an oath of office as water commissioner, his salary (not fees) was prescribed by state statute and payable in the same manner as provided by law for other city officers; a $10,000 bond is required by the state statute. Under the state statute the expenses of the board of water commissioners could be, in part, paid from tax levies, though in the city of Elizabeth this has never been done and the income herein involved was received from a fund accumulated from fees paid by users of water, which was, though kept separate from other city revenues, deposited with the city treasurer and the compensation check, though written by the board, was countersigned by the city treasurer. Upon these facts it can not be said that John J. Stamler was an independent contractor, but he was in our opinion an officer or employee of the state, or a political subdivision thereof. It is immaterial as to which category he filled, if he filled either, for since the passage of the act above referred to we have no question of essential governmental function or burden upon the state, but only one of definition of the term employee, or officer. Receipt of compensation from a fund consisting of receipts from water sold to the public does not prevent classification of the water commissioner as an employee or officer of the city, *Bettman* v. *Warwick*, 108 Fed. 46; *Harman* v. *Helvering*, 90 Fed. (2d) 622; *George H. Harlan*, 30 B. T. A. 804, 808, and the other attributes of his position, such as fixed salary, oath of office, and bond, clearly, we think, classify John J. Stamler as employee or officer of the city of Elizabeth, a political subdivision of the State of New Jersey. Under the recent statute above mentioned, therefore, his compensation received in 1934 for personal services is not subject to assessment of income tax and we hold, as above as to master in chancery, that there is no deficiency as to compensation as a member of the board of water commissioners.

*Decision will be rendered of no deficiency.*